**In re Carl GREEN, Movant.**

No. 97–0417.

United States Court of Appeals,
Sixth Circuit.

May 5, 1998.

Carl Green, Federal Correctional Institute, Milan, MI, pro se.

Before: KENNEDY, CONTIE, and MOORE, Circuit Judges.

## OPINION

PER CURIAM.

Carl Green moves the court, pursuant to 28 U.S.C.A. § 2244 (West 1997), for an order authorizing the district court to consider his third application for relief under 28 U.S.C. § 2255. The government has responded to the motion, stating that the motion should be denied because Green has not satisfied either criterion specified under § 2244.

In 1990, a jury convicted Green of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him to a total of 420 months of imprisonment. On appeal, this court affirmed Green's convictions and sentence. *United States v. Green,* Nos. 90–3468, etc., 1991 WL 175283 (6th Cir.1991) (per curiam). On June 25, 1992, Green filed his first motion to vacate under 28 U.S.C. § 2255. The district court denied the motion as without merit, and a panel of this court affirmed the decision on appeal. *Green v. United States,* No. 93–4108, 1994 WL 144435 (6th Cir.1994). On August 31, 1995, Green filed his second § 2255 motion, which the district court denied as an abuse of the writ. Green did not appeal this decision.

In his present motion, Green argues that there has been a substantive change in the law concerning the admission of evidence under Fed.R.Evid. 403, and that this new rule should be retroactively applied to his case. Green relies on the Supreme Court's decision in *Old Chief v. United States,* 519 U.S. 172, ——–——, 117 S.Ct. 644, 650–56, 136 L.Ed.2d 574 (1997), in which the Court concluded that a district court abused its discretion when it admitted evidence of a prior conviction for the sole purpose of supporting a 18 U.S.C. § 922(g) conviction, where a defendant had offered to stipulate to the existence of the prior conviction. Green argues that his due process rights were violated because the jury was permitted to hear evidence of his prior conviction for conspiracy to distribute a controlled substance, even though he had offered to stipulate the existence of the prior conviction.

### I.

Initially, we must determine whether the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to this case. Both of Green's prior

§ 2255 motions to vacate were filed before April 24, 1996, the effective date of AEDPA. When a case implicates a federal statute enacted after the events in suit, and Congress has not expressly prescribed the statute's proper reach, the court must determine whether the new statute would have a retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. *Landgraf v. USI Film Prods.,* 511 U.S. 244, 280–81, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994). The Sixth Circuit has already determined that Congress has not expressed any clear intent as to the statute's proper reach. *See In re Hanserd,* 123 F.3d 922, 924 (6th Cir.1997). Thus, the court must resort to *Landgraf's* default rules to decide whether AEDPA may be applied to this case. *Id.*

### A.

■ Upon review, we conclude that AEDPA applies to this case because it does not have a retroactive effect on Green's case. This is so because Green could not have, and still cannot, rely on the decision issued in *Old Chief* as a basis for relief in a § 2255 motion to vacate his sentence.

■ Apart from the *Landgraf* default rules which are used to determine whether intervening legislation applies to a case, the court must decide whether Green can invoke the protection afforded by the Supreme Court's intervening decision in *Old Chief.* For this purpose, the retroactivity analysis utilized in *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), is not applicable to this case. In *Davis,* the Supreme Court ruled that where an intervening change in the law is such that a defendant appears to be incarcerated for conduct which the law no longer considers criminal, the new rule of law must be applied retroactively in post-conviction proceedings. *Id.* at 346, 94 S.Ct. at 2305; *see also In re Hanserd,* 123 F.3d at 926 (defendant could invoke new decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), because defendant alleged he was prosecuted for illegal use of a firearm under a definition

of use that was narrowly redefined in *Bailey* ); *Callanan v. United States,* 881 F.2d 229, 231–32 (6th Cir.1989) (defendant could invoke the new decision in *McNally v. United States,* 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), as defendant alleged that he was prosecuted for mail fraud under an intangible rights theory which the Supreme Court repudiated in *McNally* ), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). Green relies on a Supreme Court decision announcing a new rule of criminal procedure that addressed the admissibility of evidence pursuant to Fed.R.Evid. 403, *see Old Chief,* 519 U.S. at –– – ––, 117 S.Ct. at 650–56. Green does not allege, and the record does not reflect, that he is incarcerated for conduct that is no longer considered criminal.

■ The retroactivity issue in this case is governed by the test explained in *Teague v. Lane,* 489 U.S. 288, 305–10, 109 S.Ct. 1060, 1072–75, 103 L.Ed.2d 334 (1989), and its progeny. *Teague* applies when the Supreme Court announces a new rule of criminal procedure. *Caspari v. Bohlen,* 510 U.S. 383, 390, 114 S.Ct. 948, 953–54, 127 L.Ed.2d 236 (1994). Essentially, if a decision announces a "new rule" of criminal procedure, it is *not* to be applied retroactively to convictions that have already become final when the decision is announced, unless the new rule falls within one of two narrow exceptions. *Id.* A decision announces a new rule if it breaks new ground, imposes new obligations on the states or federal government, or was not "*dictated* by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301, 109 S.Ct. at 1070 (emphasis in original). Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the

criminal proceeding. *Caspari*, 510 U.S. at 396, 114 S.Ct. at 956–57.

■ The decision on which Green relies announced a new rule of criminal procedure. A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar*, 494 U.S. 407, 412–415, 110 S.Ct. 1212, 1216–18, 108 L.Ed.2d 347 (1990) (*Arizona v. Roberson*, 486 U.S. 675, 682, 108 S.Ct. 2093, 2098, 100 L.Ed.2d 704 (1988), announced a new rule since its outcome was susceptible to debate among reasonable minds, as evidenced by the significant difference of opinion on the part of several lower courts that had considered the question previously); *Cain v. Redman*, 947 F.2d 817, 821 (6th Cir.1991) (*Sandstrom v. Montana*, 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979), announced a new rule as correctness of instruction was susceptible to debate among reasonable minds), *cert. denied*, 503 U.S. 922, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992).

The decision in *Old Chief* announced a new rule concerning the admissibility of evidence in a criminal case. In *Old Chief*, the Supreme Court granted a petition for writ of certiorari because the courts of appeals were sharply divided in their treatment of defendants who had been charged with violating 18 U.S.C. § 922(g), and who sought to exclude evidence of the names and natures of prior offenses. 519 U.S. at ——, 117 S.Ct. at 649. The Court settled the "split" between the circuits by concluding that a defendant's offer to stipulate to or admit to the prior conviction obligates the government to accept the defendant's concession to the prior conviction element of a § 922(g) violation, thereby precluding the government from offering evidence on that point. *Id.* at —— – ——, 117 S.Ct. at 650–56. This decision did not merely reaffirm the proper interpretation of existing law. *See Williamson v. Parke*, 963 F.2d 863, 867 (6th Cir.), *cert. denied*, 506 U.S. 892, 113 S.Ct. 264, 121 L.Ed.2d 193 (1992).

■ *Old Chief* does not fall within either one of the two narrow exceptions noted in *Teague*. *See Caspari*, 510 U.S. at 396, 114 S.Ct. at 956–57. The decision in *Old Chief* did not place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense; nor did it announce a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *See Caspari*, 510 U.S. at 396, 114 S.Ct. at 956–57. Hence, the rule is not retroactive, and is therefore inapplicable on collateral review.

### B.

■ Even if *Old Chief* did not announce a "new rule" because it was dictated by precedent, and thus should be retroactively applicable to this case, AEDPA would still be applicable to this case, because doing so would not have a retroactive effect on Green's pre-AEDPA conduct. This is so because Green would not have been able to establish cause to excuse his failure to assert his claim in his first pre-AEDPA § 2255 motion to vacate. If *Old Chief* was dictated by precedent, then his claim would not have been considered "novel," so as to establish cause to excuse his failure to assert this claim in his first motion to vacate. *See Gacy v. Welborn*, 994 F.2d 305, 310–11 (7th Cir.) (post-*Teague*, a petitioner who argues that his claim was novel [lacked a reasonable basis in law] in order to establish cause, merely pleads himself out of court because such a claim must also be a "new rule" under *Teague*), *cert. denied*, 510 U.S. 899, 114 S.Ct. 269, 126 L.Ed.2d 220 (1993); *Selvage v. Collins*, 975 F.2d 131, 135 (5th Cir.1992) ("Since a claim that lacks a 'reasonable basis' plainly is not 'dictated by precedent,' a petitioner that meets the cause requirement cannot receive the benefit of the rule"), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 663 (1993).

Thus, even if *Old Chief* did not announce a new rule, applying AEDPA to this case would not have a retroactive effect on pre-AEDPA conduct. Green would have been barred from asserting this claim in a pre-AEDPA motion to vacate under the abuse of the writ doctrine, as he would not have been

able to establish cause to excuse his failure to present this claim in his first motion to vacate, nor could he have otherwise made a colorable showing of factual innocence. *See McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 1470–71, 113 L.Ed.2d 517 (1991); *In re Hanserd,* 123 F.3d at 928–29.

Accordingly, whether *Old Chief* announced a new rule or not, the gatekeeping provisions in § 2244 apply to Green's case.

## II.

Under the provisions of § 105 of AEDPA, a federal prisoner cannot file a second or successive § 2255 motion to vacate in the district court unless the prisoner first obtains permission to do so from the court of appeals, in accordance with the certification procedures set forth in § 2244. The appellate court may grant an applicant permission to file a second or successive § 2255 motion if it can certify that the applicant has submitted:

1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* § 2255. The applicant is required to make a prima facie showing that he is entitled to relief under § 2244, before permission to file his second or successive motion can be granted. *See* § 2244(b)(3)(C).

Green has not made a prima facie showing of entitlement to file his current motion to vacate. Green has not presented any newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the charged offenses. He has also not identified a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

* This decision was originally issued as an "unpub-

Accordingly, we hereby deny Green's motion.