# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3186

_____

Daniel Alan Nelson,                                   *
                                                      *
                   Appellant,                         *
                                                      *   Appeal from the United States
         v.                                           *   District Court for the
                                                      *   District of Minnesota.
United States of America,                             *
                                                      *
                   Appellee.                          *

_____

Submitted: June 18, 1999
Filed: July 21, 1999

_____

Before LOKEN, BRIGHT and ROSS, Circuit Judges.

_____

BRIGHT, Circuit Judge.

## I.

On September 11, 1991, a jury convicted Daniel Alan Nelson for possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871, and as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Upon these convictions, the district court imposed a mandatory sentence of 180 months (15 years) imprisonment. Nelson directly appealed his convictions to this court and we affirmed. United States v. Nelson, 984 F.2d 894 (8th Cir. 1993), cert. denied, 508 U.S. 966 (1993). Subsequently, on September 9, 1997, Nelson filed a pro se motion for post conviction relief, under 28 U.S.C. § 2255, from his conviction as a felon in possession

of a firearm. The district court[1] denied Nelson's petition, finding that it was time barred by provisions of the Antiterrorism and Effective Death Penalty Act. For the reasons which follow, we agree.

## II.

Two events which affect this case occurred following the conclusion of Nelson's direct appeal of his convictions. First, effective April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, Title I, § 105 (1996), which limits the time petitioners may bring § 2255 motions to one year, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The second event of importance on which Nelson relies is the Supreme Court's decision on January 7, 1997, in Old Chief v. United States, 519 U.S. 172 (1997). In

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Old Chief, the Supreme Court resolved a split of authority in the federal courts and ruled that evidence of prior felony convictions, used to support a charge under 18 U.S.C. § 922(g)(1), should not be heard by the jury where the defendant offers to stipulate to the existence of such convictions.

At his trial, Nelson offered to stipulate to prior felony convictions, but the district court nevertheless permitted the jury to hear testimony relating to his two prior felony convictions. Nelson did not, however, assert that ruling as error in his direct appeal.

Now, in the context of this proceeding, Nelson claims that Old Chief furnishes him a ground for relief from his conviction because it serves as a new rule of the Supreme Court. Further, he asserts that insofar as he brought this proceeding within one year of the Old Chief decision, his petition is timely.

Considering the provisions of the AEDPA, we observe that § 2255(3) restates, in two elements, the rule applicable to collateral relief from a conviction when the Supreme Court speaks. If the right is both newly recognized and operates retroactively, the Supreme Court's decision conferring that right may offer an avenue for § 2255 relief. In such a case, the statute of limitations for habeas corpus relief expires one year following the decision. But if the claim for relief is not founded on the new recognition of a right by the Supreme Court meant to be applied retroactively, the alleged right does not, in any event, afford a ground for relief regardless of time limitations in the AEDPA and, in addition, does not extend or change the time limitation already running.

Thus, we examine the rule in Old Chief and determine that Nelson's petition relying on that case does not establish a ground for relief. The retroactivity issue is governed by the test explained in Teague v. Lane, 489 U.S. 288, 305-10 (1989), and its progeny. Teague applies when the Supreme Court announces a new rule of criminal procedure. Essentially, if a decision announces a "new rule" of criminal procedure, it is not to be applied retroactively to convictions that have already become final when

the decision is announced unless the new rule falls within one of two narrow exceptions.  One exception is applicable when the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense.  The second exception applies when a new "watershed" rule of criminal procedure implicates the fundamental fairness and accuracy of a criminal proceeding.  Neither of these exceptions apply in this case.  The decision in <u>Old Chief</u> merely announced a new rule concerning the admissibility of evidence in a criminal case.  It did not take the conduct for which Nelson was charged beyond the power of Congress to prohibit or punish.  Nor did it announce a principle so grounded in fundamental fairness that it may be considered of watershed importance.

Indeed, a similar issue was examined in <u>In re Green</u>, 144 F.3d 384 (6th Cir. 1998).  In that case, our sister circuit reached the same conclusion, holding that:

> *Old Chief* does not fall within either one of the two narrow exceptions noted in *Teague*.  *See Caspari*, 510 U.S. at 396, 114 S.Ct. at 956-57.  The decision in *Old Chief* did not place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense; nor did it announce a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.  *See Caspari*, 510 U.S. at 396, 114 S.Ct. at 956-57.  Hence, the rule is not retroactive, and is therefore inapplicable on collateral review.

<u>Id.</u> at 387.

## III.

Thus, in these circumstances, Nelson shows no basis for relief in section 3. Finding no other grounds to save his petition, we affirm the dismissal of Nelson's habeas corpus petition on statute of limitations grounds. This ground also indicates that the claim for habeas relief, regardless of limitations on bringing the action, is without merit.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The limitation for bringing the action and the merits must be intertwined. If not, a claim of merit arising from a later Supreme Court opinion would be extinguished on limitation grounds before the petitioner could know that a valid claim existed.