**UNITED STATES of America,**
**Plaintiff,**

v.

**Shon HOPWOOD, Defendant.**

**No. 4:98CR3056.**

United States District Court,
D. Nebraska.

Dec. 4, 2000.

Alan L. Everett, Assist. U.S. Atty., Lincoln, NE, for plaintiff.

Shon Hopwood, Pekin, IL, pro se.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the court on the Magistrate Judge's report and recommendation (filing 49) that Defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (filing 44) be denied. After having conducted a de novo review of the portions of the report and recommendation to which Defendant has filed objections (filing 51), pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4, I will adopt the Magistrate Judge's recommendation.

On October 28, 1998, Defendant waived indictment and pleaded guilty to five counts of bank robbery, in violation of 18 U.S.C. 2113(a), and one count of use of a firearm during one of the robberies, in violation of 18 U.S.C. 924(c)(1). He was sentenced on April 14, 1999, to 87 months imprisonment on the robbery charges, to be served concurrently, and to 60 months imprisonment on the firearm charge, to be served consecutively. Defendant also was sentenced to 3 years' supervised release on all counts and was ordered to pay restitution and a special assessment. Judgment was formally entered on April 16, 1999 (filing 40). No direct appeal was taken.

In his § 2255 motion, Defendant claims (1) that he received ineffective assistance of counsel because a notice of appeal was not filed, and (2) that his sentence on the bank robbery charges is contrary to the Supreme Court's recent ruling in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because under the Sentencing Guidelines the offense level was increased by 5 levels for brandishing or possessing a firearm, *see* U.S.S.G. § 2B3.1(b)(2)(C), without a jury determination of this issue.

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, contains a 1 year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant concedes (in filing 51) that his claim of ineffective assistance of counsel is time-barred under subsection (1) above, and he does not allege the existence of any newly discovered facts which might make subsection (4) applicable. I therefore will accept Defendant's concession regarding this claim and adopt the Magistrate Judge's recommendation. In the interest of providing guidance for future cases, however, I note that the Magistrate Judge's report and recommendation is in

error both as to the date on which Defendant's conviction became final and as ·to the date on which Defendant filed his § 2255 motion.

The Magistrate Judge's report and recommendation erroneously states that Defendant's conviction became final on April 28, 1999. This misstatement stems from two separate errors: (1) concluding that Defendant had 10 days from the date of sentencing, April 14, 1999, in which to file a notice of appeal; and (2) applying Fed. R.Crim.P. 45(a) to exclude intermediate Saturdays and Sundays from the 10–day calculation.

■ Pursuant to Fed.R.App.P. 4(b)(1)(A)(i), Defendant had 10 days after entry of judgment to file a notice of appeal. Judgment was entered on April 16, 1999. *See* Fed.R.App.P. 4(b)(6); Fed. R.Crim.P. 32(d)(1). The 10 day appeal period includes intermediate Saturdays, Sundays, and legal holidays. *See* Fed. R.App.P. 26(a). Defendant's conviction therefore became final on April 26, 1999.[1]

■ The Magistrate Judge's report and recommendation also erroneously states that Defendant's § 2255 motion was filed on September 25, 1999.[2] Although this is the date that Defendant's motion (filing 44) was received and filed by the clerk of the court, it was mailed by Defendant on Sep-

tember 22, 2000. The effective date of filing in this instance is the mailing date. *See Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir.1999) (holding that the prison mailbox rule applies to pro se § 2255 motions.)

■ I also disagree with the Magistrate Judge's determination that Defendant's *Apprendi* claim is timely under subsection (3) of the § 2255 statute of limitations. In *Rodgers v. United States,* 229 F.3d 704, 706 (8th Cir.2000), the Eighth Circuit ruled that the Supreme Court has not made *Apprendi* retroactive to cases on collateral review, as required by the plain language of.§ 2255.

Although the Court of Appeals in *Rodgers* made such ruling with respect to a request for certification of a second or successive motion under § 2255, allegedly based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," the language of subsection (3) of the statute of limitations is sufficiently similar that it should be construed in the same manner.[3] In other words, for purposes of applying the statute of limitations in § 2255, there is no need to resort to a retroactivity analysis under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989),[4] because the

---

1. If Defendant is entitled to the benefit of the 30 day excusable neglect period provided by Fed.R.App.P. 4(b)(4) for purposes of determining when the 1 year statute of limitations begins to run under § 2255, *see, e.g., United States v. Walker,* 194 F.3d 1307, 1999 WL 760237 (4th Cir. Sept.17, 1999) (per curiam) (Table), then his conviction did not become final until May 26, 1999. I need not decide this issue, however, because Defendant's § 2255 motion also was not filed within 1 year of this extended date.

2. The Magistrate Judge's report and recommendation states that Defendant also erroneously applied to the United States Court of Appeals for the Eighth Circuit on August 1, 2000, for leave to file a second or successive § 2255 motion, and the file reflects that the Court of Appeals dismissed Defendant's application without prejudice on October 4, 2000

(filing 47). Because it appears that the application was not filed within 1 year after Defendant's conviction became final, there is no occasion to consider whether the statute of limitations was tolled.

3. Similar language also appears in the statute of limitations that is applicable to habeas corpus petitions filed by state prisoners pursuant to 28 U.S.C. § 2254. As provided in 28 U.S.C. § 2244(d)(1)(C), a 1 year period of limitation runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

4. *Teague* holds that a Supreme Court decision which announces a new rule of criminal procedure does not apply retroactively to cases on collateral review unless: (1) the rule

only pertinent inquiry is whether the Supreme Court has made its decision retroactively applicable to cases on collateral review.[5] Because the Supreme Court has not stated that the rule announced in *Apprendi* is to be applied retroactively, the 1–year statute of limitations in § 2255 does not run from the date of that decision.

■ Even if Defendant's *Apprendi* claim could be reviewed at this time, I agree with the Magistrate Judge that it is without merit. The maximum penalty for bank robbery under 18 U.S.C. § 2113(a), as to which Defended pleaded guilty, is 20 years. Because Defendant's sentence is well below the statutory maximum, the Supreme Court's ruling in *Apprendi* is inapplicable. *See United States v. Aguayo–Delgado*, 220 F.3d 926, 933–34 (8th Cir. 2000).

Accordingly,

IT IS ORDERED:

(1) the Magistrate Judge's recommendation (filing 49) is adopted;

(2) Defendant's objections to the report and recommendation (filing 51) are denied; and

(3) Defendant's motion pursuant to 28 U.S.C. § 2255 (filing 44) is denied.

---

places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe; or (2) it is a "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *See Lambrix v. Singletary*, 520 U.S. 518, 539, 117 S.Ct. 1517, 1530–31, 137 L.Ed.2d 771 (1997).

5. I recognize that this is not the approach that was taken in *Nelson v. United States*, 184 F.3d 953 (8th Cir.), *cert. denied*, 528 U.S. 1029, 120 S.Ct. 549, 145 L.Ed.2d 427 (1999), in which the Court of Appeals held that a § 2255 motion was time-barred because the claim presented (based on the Supreme Court's decision in *Old Chief v. United States*,

519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)) was determined by the Court not to be subject to either *Teague* exception. The *Nelson* decision, however, pre-dates *Rodgers*. Notably, the Court in *Nelson* cited with approval a Sixth Circuit decision, *In re Green*, 144 F.3d 384 (6th Cir.1998), which concerned the issue of whether a second or successive § 2255 motion raising an *Old Chief* claim should be certified under § 2244. Because the Sixth Circuit in *Green* determined this issue by applying a *Teague* retroactivity analysis rather than by simply examining the language of the *Old Chief* opinion, its decision is inconsistent with *Rodgers*.