**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Neil A. MCNEIL, Defendant–Appellant.**

**No. 01–3187.**

United States Court of Appeals, Sixth Circuit.

Aug. 24, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

## ORDER

Neil A. NcNeil, proceeding pro se, appeals a district court judgment denying his motion to reduce his sentence filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, McNeil pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The court sentenced McNeil to 121 months of imprisonment and five years of supervised release. McNeil did not object, nor did he file a direct criminal appeal. McNeil subsequently filed a motion to vacate sentence under 28 U.S.C. § 2255. McNeil argued inter alia that: 1) the government coerced his confession and then used the confession to obtain his guilty plea; 2) the government breached the plea agreement by failing to correct an improper sentencing decision; 3) the district court lacked jurisdiction to prosecute him because the government did not establish that the victim-banks were federally insured against bank robbery; and 4) counsel rendered ineffective assistance because he did not raise the above issues. The district court specifically addressed McNeil's claims regarding mistakes in the application of the sentencing guidelines and denied the motion as without merit. *McNeil v. United States,* 72 F.Supp.2d 801, 810 (N.D.Ohio 1999). McNeil appealed, his appeal was construed as an application for a certificate of appealability under Fed. R.App. P. 22(b)(2), and this court denied the application. *McNeil v. United States,* No. 99–4417 (6th Cir. Feb. 14, 2000).

In August 2000, McNeil moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). McNeil argued that he was entitled to a reduced sentence based on: 1) his post-conviction rehabilitation; and 2) alleged mistakes in the application of the sentencing guidelines. In his reply to the government's response, McNeil argued for the first time that he was entitled to a reduced sentence in light of the Supreme Court's decision in *Apprendi v. United States,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The district court concluded that, to the extent that McNeil's motion to reduce his sentence was based on alleged mistakes made at his sentencing, the 18 U.S.C. § 3582(c)(2) motion constituted an unauthorized second or successive motion to vacate sentence. Accordingly, the district court declined to address McNeil's claims regarding mistakes in the application of the sentencing guidelines because the court had already addressed the merits of McNeil's claims and found that McNeil was not entitled to relief under 28 U.S .C. § 2255. The court did, however, address McNeil's post-conviction rehabilitation and *Apprendi* claims, and found those claims to

be meritless. McNeil appeals that judgment.

In his timely appeal, McNeil moves for leave to proceed in forma pauperis and reasserts that the district court incorrectly applied the sentencing guidelines. McNeil also argues, in essence, that the district court erred in construing his motion as a successive motion to vacate sentence filed pursuant to 28 U.S.C. § 2255.

Upon review, we conclude that McNeil's motion constitutes a second or successive § 2255 motion. The motion is a successive motion to vacate regardless of McNeil's characterization of it as a motion under 18 U.S.C. § 3582 because the issues McNeil raises have previously been addressed by this court. *See Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Lonberger v. Marshall,* 808 F.2d 1169, 1173 (6th Cir.1987). McNeil must first obtain this court's permission to bring a § 2255 motion because he filed a prior motion to vacate. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Green,* 144 F.3d 384, 388 (6th Cir.1998). Before this court may grant a request to file a second or successive motion to vacate sentence, the applicant must make a prima facie showing that: 1) newly discovered evidence exists which, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found the movant guilty of the offense; or 2) a previously unavailable rule of constitutional law exists that the Supreme Court made retroactive to cases on collateral review. *See* 28 U.S.C. §§ 2244(b)(3)(C) and 2255; *Green,* 144 F.3d at 388. McNeil did not obtain this court's permission, and he has not made this showing.

The district court's disposition notwithstanding, the merit's of McNeil's post-conviction motion are not before this court.

Accordingly, we hereby dismiss the appeal. Rule 34(j)(2)(C), Rules of the Sixth Circuit.