**Michael CLEMONS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 03–4051.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Rehearing En Banc Denied Sept. 10, 2004.

Michael Clemons, Glenville, WV, pro se.

Salvador A. Dominguez, Columbus, OH, for Respondent–Appellee.

Before: RYAN and COOK, Circuit Judges; and CLELAND, District Judge.*

## ORDER

Michael Clemons appeals a district court order denying his motion to correct sentence filed under 18 U.S.C. § 3582(c)(2). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Clemons of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the district court sentenced him to 235 months of imprisonment. On appeal, this court affirmed his conviction and sentence. *United States v. Welch,* 97 F.3d 142 (6th Cir.1996). Clemons then filed a motion to vacate sentence under 28 U.S.C. § 2255, which the district court denied. Clemons next applied for permission from this court to file a second § 2255 motion, but this court denied his application. *In re Clemmons,* 259 F.3d 489 (6th Cir.2001).

Undeterred by his lack of success in challenging his conviction and sentence, Clemons returned to the district court and filed his current motion to correct sentence. The district court construed the motion as an unauthorized successive motion to vacate sentence and transferred the motion to this court. However, this court concluded that Clemons's motion was properly styled as a request for relief under § 3582(c)(2) and he did not require

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

this court's permission to file the motion in the district court. *In re Clemons*, No. 03–3162 (6th Cir. June 11, 2003) (unpublished order). On remand, the district court denied Clemons's motion to correct sentence, and he has filed a timely appeal from this decision.

■ Upon review, we conclude that the district court properly denied Clemons's § 3582(c) motion. This court reviews for an abuse of discretion a district court's decision denying a motion to correct sentence under § 3582(c). *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir.2004). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that subsequently has been lowered by the Sentencing Commission. Under § 1B1.10 of the Sentencing Guidelines, certain listed amendments to the Guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c).

Clemons argues that his sentence should be reduced in light of Amendment 635 to the Guidelines, which amended § 3B1.2 and its provisions concerning a defendant's role in the offense. However, Amendment 635 is not listed in § 1B1.10 and, therefore, is not to be given retroactive effect. Under § 3582(c) defendant may only seek a reduction in his sentence that is consistent with the applicable policy statements in the Sentencing Guidelines. *See United States v. Rodriguez–Diaz*, 19 F.3d 1340, 1341 (11th Cir.1994); *Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir.1993). Since the Sentencing Guidelines do not provide that Amendment 635 is to be given retroactive effect, Clemons may not obtain a reduction of his sentence in a § 3582(c) motion.

Even though Amendment 635 is not given retroactive effect by § 1B1.10, Clemons argues that it should be applied retroactively because it is a clarifying amendment. Although this court has not definitively ruled on the issue, the court has indicated that a clarifying amendment to the Sentencing Guidelines may be applied retroactively to reduce a defendant's sentence. *See Jones v. United States*, 161 F.3d 397, 402–03 (6th Cir.1998), *opinion amended and superseded in part by, Jones v. United States*, 178 F.3d 790, 796 (6th Cir.1999). However, since Clemons cannot obtain this relief in a § 3582(c) motion, he must seek relief in a § 2255 motion.

■ As Clemons has filed a prior § 2255 motion, he would need this court's permission to file a second § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Green*, 144 F.3d 384, 388 (6th Cir.1998). Before the appellate court may grant a request to file a second motion to vacate sentence, the applicant must make a prima facie showing that: 1) newly discovered evidence exists which, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found the movant guilty of the offense; or 2) a previously unavailable rule of constitutional law exists that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. §§ 2244(b)(3)(C) and 2255; *Green*, 144 F.3d at 388.

Clemons cannot make this showing. Clemons clearly is not relying on any newly discovered evidence. While he is relying on a previously unavailable amendment to the Sentencing Guidelines, Amendment 635 is not a new rule of constitutional law and, therefore, does not meet the requirements of §§ 2244(b)(3) and 2255.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.