NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0458n.06

Nos. 11-3616/11-4214

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 01, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,              )
                                       )
    Plaintiff-Appellee,                )
                                       )
v.                                     )      ON APPEAL FROM THE UNITED
                                       )      STATES DISTRICT COURT FOR
SAUL GASTELUM-LARA,                    )      THE NORTHERN DISTRICT OF
                                       )      OHIO
    Defendant-Appellant.               )

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  In these consolidated cases, Saul Gastelum-Lara, a *pro se* federal prisoner, appeals the district court's denial of a motion construed as one to vacate his sentence filed under 28 U.S.C. § 2255 (No. 11-3616).  He moves for leave to proceed *in forma pauperis* in this appeal.  In No. 11-4214, Gastelum-Lara moves for leave to file a second or successive section 2255 motion pursuant to 28 U.S.C. § 2244.

In 2003, Gastelum-Lara pled guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841 and 846.  The district court sentenced Gastelum-Lara to 188 months of imprisonment.  He did not appeal the district court's judgment.

In 2005, Gastelum-Lara filed a motion to vacate his sentence under section 2255 arguing that his attorney was ineffective for failing to file a direct appeal.  The district court dismissed the motion

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

as untimely. Although Gastelum-Lara appealed the district court's decision, we dismissed the appeal for want of prosecution.

In May 2011, Gastelum-Lara filed a motion to dismiss the indictment, arguing that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the indictment was defective. The district court denied the motion on several grounds, one of which was Gastelum-Lara's failure to seek permission from this Court to file a second or successive section 2255 motion. Gastelum-Lara appeals the district court's decision in No. 11-3616.

The first issue is whether the district court properly construed Gastelum-Lara's motion to dismiss as a second or successive section 2255 motion. Gastelum-Lara's motion presented a new ground for relief—a violation of *Apprendi*. Therefore, the district court properly construed the motion as a second or successive section 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005).

Although the district court correctly concluded that the motion was a second or successive section 2255 motion, the district court improperly denied the motion rather than transferring it to this Court for preauthorization as required by *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Thus, we will treat the appeal as a request for an authorization to file a second or successive section 2255 motion. Gastelum-Lara expressly moves us for leave to file a second or successive section 2255 motion in No. 11-4214, again arguing that his indictment was defective.

We will certify a second or successive section 2255 motion only if the motion relies on:

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998).

Gastelum-Lara cites *Apprendi*, which held that any fact that increases the penalty for a crime beyond the statutory maximum—other than the fact of a prior conviction—must be submitted to a jury and proven beyond a reasonable doubt. 530 U.S. at 490. Gastelum-Lara argues that the drug quantity statute, 21 U.S.C. § 841(a), is unconstitutional in light of *Apprendi* because Congress intended that drug quantity be a sentencing factor, whereas *Apprendi*—in his view —requires that drug quantity be submitted to a jury and proven beyond a reasonable doubt. He also argues that the indictment was defective because it did not indicate the type or quantity of drug with which he was charged. These arguments do not rely on newly discovered evidence. Nor do they rely on a new, retroactive rule of constitutional law that was previously unavailable. *Apprendi* was decided more than two years before Gastelurn-Lara pleaded guilty. The case was therefore available to him during the trial court proceedings and when he filed his initial § 2255 motion. Even if *Apprendi* had been published after Gastelum-Lara was convicted, the case would be of no avail, because it does not apply retroactively to cases on collateral review. *In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001). We affirm the district court's dismissal on a different ground than the district court chose, which we may do when our chosen basis for affirmance is supported by the record as a whole. *See Blount-Hill v. Zelman,* 636 F.3d 278, 284 (6th Cir. 2011).

Therefore, the appeal in No. 11-3616, construed as a request for authorization to file a second or successive section 2255 motion is denied. Gastelum-Lara's same motion in No. 11-4214 is also denied. We affirm the dismissal order in the lead case. Finally, the motion for leave to proceed *in forma pauperis* is granted.