# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2916

———————

Alfred Leotis Rodgers,      *
    *
       Petitioner,     *    Appeal from the United States
    *    District Court for the
   v.     *    Eastern District of Arkansas
    *
United States of America,     *
    *
       Respondent.     *     [Published]
    *

———————

Submitted: October 6, 2000
Filed:      October 13, 2000

———————

Before BOWMAN, BEAM, and BYE, Circuit Judges.

———————

PER CURIAM.

Alfred Leotis Rodgers has filed an application for leave to file a second motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. We deny his application.

## BACKGROUND

The full story of Rodgers' indictments and eventual conviction is set out in our opinion affirming his conviction. See United States v. Rodgers, 18 F.3d 1425, 1427-28

(8th Cir. 1994). For our purposes, it is sufficient to note that he was convicted of conspiracy to distribute over five kilograms of cocaine and cocaine base, and of multiple counts of distribution of cocaine base. See 21 U.S.C. §§ 841, 846. He was sentenced to life imprisonment on the conspiracy charge, and to 20 years' imprisonment on each of the distribution counts to run concurrently with the life sentence. Rodgers appealed his conviction, and we affirmed. See Rodgers, 18 F.3d at 1432.

Thereafter, Rodgers filed his first motion to vacate his sentence pursuant to § 2255. The district court denied this motion on October 30, 1997. We declined to grant his request for a certificate of appealability on February 19, 1998. Rodgers now seeks leave to file a second motion pursuant to § 2255.

## DISCUSSION

Section 2255 provides, in pertinent part, that

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Rodgers asserts that his second motion properly falls under the second category. He argues that the Supreme Court, in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), stated a new rule of constitutional law which should be found to apply retroactively to

his case.[1]

We must deny Rodgers' motion.  A second or successive petitioner under § 2255 may only claim the benefit of a new constitutional rule if the Supreme Court itself makes that rule apply retroactively. We simply lack the power, under § 2255, to adjudge the retroactivity of new rules of constitutional law for second and successive motions without Supreme Court guidance.

We have previously accepted review of Apprendi claims raised in *initial* § 2255 mottions.  However, this case presents a different question.  In this case, we are solely concerned with the language of § 2255 governing our ability to grant leave to file *second or successive motions*, which is limited by the plain language of the statute:  "A second or successive motion must be certified as provided in section § 2244 by a panel of the appropriate court of appeals to contain -- (2) a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable."   This language specifically precludes us from retroactively applying a new rule of constitutional law to second or successive motions without the authority of the Supreme Court.  Our review of initial § 2255 petitions is not so limited; a certificate of appealability pursuant to 28 U.S.C. § 2253 may be issued by this court or the district court "if the applicant has made a substantial showing of the denial of a constitutional right."  This language imposes no conditions on our review.  We may determine if a new rule of law as determined by the Supreme Court creates a "constitutional right," and if so, whether such rule retroactively applies to a case on initial collateral review.  Again, the plain language of the statutes governs our authority.

[1]In Apprendi, the Supreme Court held that any fact which increases a sentence beyond the statutory maximum, other than the fact of a prior conviction, must be pled and proven before a jury beyond a reasonable doubt.  See Apprendi, 120 S. Ct. at 2355-56.  We have no occasion to address the question of whether Apprendi states a new rule of constitutional law.

We therefore deny Rodgers' petition because the Supreme Court has not made Apprendi retroactive to cases on collateral review, as required by the plain language of § 2255. As the Fourth Circuit has noted, "a new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding." In re Vial, 115 F.3d 1192, 1197 (4th Cir. 1997) (quoting § 2255). Nowhere in the Apprendi decision itself, or in any subsequent decision, does the Supreme Court discuss Apprendi's retroactivity. Therefore, Apprendi is not available to a prisoner filing a second or successive petition under § 2255.[2]

Our holding is consistent with those of several other circuits. See Talbot v. State of Indiana, No. 00-3080, 2000 WL 1268166, at *1 (7th Cir. Sept. 7, 2000) ("If the Supreme Court ultimately declares that Apprendi applies retroactively on collateral attack, we will authorize successive collateral review of cases to which Apprendi applies. Until then prisoners should hold their horses and stop wasting everyone's time with futile applications."); In re Joshua, No. 00-14328, 2000 WL 1227966, at *2 (11th Cir. Aug. 30, 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review. . . . To date, the Supreme Court has not declared that Apprendi be applied retroactively to cases on collateral review.") (internal citations omitted); Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2000) ("[I]t is clear that the Supreme Court has not made the rule [in Apprendi] retroactive to cases on collateral review. . . . And so, Sustache's claim does not meet the requirements for a second or successive petition.") (internal citations omitted).

Because the Supreme Court has not made Apprendi retroactively applicable to

---

[2]The same would also hold true for a second or successive habeas petition filed pursuant to 28 U.S.C. §2244(b)(2)(A). Section 2244 employs the same key language, "made retroactive to cases on collateral review by the Supreme Court."

cases on collateral review, Rodgers' application for leave to file a second § 2255 motion based on <u>Apprendi</u> is denied.

A true copy.


Attest:



CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.