**UNITED STATES of America,**
**Plaintiff,**

v.

**Jimmy C. JOHNSON, Defendant.**

**No. 4:97CR3002.**

United States District Court,
D. Nebraska.

Dec. 7, 2000.

---

Jimmy C. Johnson, Leavenworth, KS, pro se.

Steven A. Russell, Asst. U.S. Atty., Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the court on the Magistrate Judge's report and recommendation (filing 175) that Defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (filing 168) be granted in part and denied in part, and on the Government's objections to the report and recommendation (filing 176), filed pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4. Defendant has not objected to any portion of the report and recommendation. Upon de novo review, I will sustain the Government's objections in part, and will deny Defendant's § 2255 motion for failure to state a claim for relief.

Defendant was convicted of conspiracy to distribute or possess with intent to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2, and was sentenced to life imprisonment. Defendant's conviction and sentence were affirmed on appeal, *see United States v. Johnson,* 169 F.3d 1092 (8th Cir.), *cert. denied,* 528 U.S. 857, 120 S.Ct. 143, 145 L.Ed.2d 121 (1999), and he now seeks collateral review based upon the Supreme Court's recent ruling in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Thus, Defendant claims in his § 2255 motion that: (1) the quantity of drugs involved was required to be charged in the indictment and submitted to the jury for determination; and (2) he received ineffective assistance of counsel because no objection was made regarding the drug quantity issue. The Magistrate Judge has recommended that Defendant's motion be granted as to the first claim only, and that Defendant either be resentenced in accordance with 21 U.S.C. § 841(b)(1)(C), to a term of imprisonment not to exceed 20 years, or be granted a new trial.

Nowhere in the *Apprendi* decision itself, or in any subsequent decision, does the Supreme Court discuss *Apprendi's* retroactivity. *Rodgers v. United States,* 229 F.3d 704, 706 (8th Cir.2000) (per curiam).[1] The issue of *Apprendi's* applicability to Defendant's conviction and sentence must therefore be determined with reference to *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

The first step in the *Teague* retroactivity analysis is to determine whether *Apprendi* states a new constitutional rule of criminal procedure. *Teague,* at 310, 109 S.Ct. at 1075. Under *Teague,* a new rule is one that is not dictated by precedent and, if adopted, would contravene well established precedents. *Smith v. Groose,* 205 F.3d 1045, 1053 (8th Cir.) (citing *Saffle v. Parks,* 494 U.S. 484, 486, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)), *cert. denied,* —— U.S. ——, 121 S.Ct. 441, 148 L.Ed.2d 466 (2000).

Although the majority opinion characterized the Supreme Court's decision in *Apprendi* as a adhering to "a uniform course of decision during the entire history of our jurisprudence," *id.,* 530 U.S. at ——, 120 S.Ct. at 2362,[2] for many years prior to *Apprendi* the established precedent in this Circuit, and, for that matter, in every other Circuit, was that drug quantity was a sentencing factor rather than an element of the crime defined in section 841(a).[3] *See United States v. Grimaldo,* 214 F.3d 967, 972 (8th Cir.), *cert. de-*

1. Although the Court of Appeals states in *Rodgers* that "[w]e have previously accepted review of *Apprendi* claims raised in *initial* § 2255 motions," *id.,* at 705 (emphasis in original), no reported Eighth Circuit decision discusses the appropriateness of such review. Subsequent to *Rodgers* the Court in one case did treat a late-filed notice of appeal as a petition for post-conviction relief under 28 U.S.C. § 2255, but this treatment was not opposed by the government. *See United States v. Nicholson,* 231 F.3d 445, 453 (8th Cir.2000) (Nos.99–2206EA, 99–3128EA, 99–3358EA, 99–3674EA, 99–3803EA, 99–4194EA, 00–1135EA).

2. The Supreme Court's arguably inconsistent decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was described as a "narrow exception" to the general rule stated in *Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), that

"under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi,* 530 U.S. at ——, 120 S.Ct. at 2362.

3. For this reason, I agree with the Magistrate Judge's recommendation regarding denial of Defendant's claim of ineffective assistance of counsel. As discussed in the Magistrate Judge's report, the Eighth Circuit had consistently held since *United States v. Wood,* 834 F.2d 1382, 1388–90 (8th Cir.1987), that drug quantity was not required to be charged in the indictment or proven to the jury beyond a reasonable doubt. Consequently, there was no reasonable probability of success in challenging the trial procedures in this case. Because I also concur with the Magistrate Judge's assessment regarding the perfor-

*nied,* —— U.S. ——, 121 S.Ct. 330, 148 L.Ed.2d 265 (2000); *United States v. Keith,* 230 F.3d 784, 786 (5th Cir.2000); *United States v. Angle,* 230 F.3d 113, 122 (4th Cir.2000); *United States v. Cavender,* 228 F.3d 792, 804 (7th Cir.2000); *United States v. Rogers,* 228 F.3d 1318, 1326 (11th Cir.2000); *United States v. Nordby,* 225 F.3d 1053, 1058 (9th Cir.2000); *United States v. Thomas,* 204 F.3d 381, 384 (2nd Cir.2000); *United States v. Jones,* 194 F.3d 1178, 1186 (10th Cir.1999), *cert. granted, judgment vacated,* —— U.S. ——, 120 S.Ct. 2739, 147 L.Ed.2d 1002 (2000); *United States v. Williams,* 194 F.3d 100, 105 (D.C.Cir.1999); *United States v. Caldwell,* 176 F.3d 898, 900 (6th Cir.), *cert. denied,* 528 U.S. 917, 120 S.Ct. 275, 145 L.Ed.2d 230 (1999); *United States v. Lewis,* 113 F.3d 487, 490 (3rd Cir.1997), *cert. denied,* 523 U.S. 1108, 118 S.Ct. 1679, 140 L.Ed.2d 816 (1998); *United States v. Lindia,* 82 F.3d 1154, 1160–61 (1st Cir.1996).

*Apprendi* dramatically changed this legal landscape, *see United States v. Sheppard,* 219 F.3d 766, 768 (8th Cir.2000), and therefore must be considered a "new rule" for *Teague* purposes. *See United States v. Nicholson, supra,* 231 F.3d at 453 (applying *Apprendi* on appeal of convictions for drug conspiracy and noting that "a new rule of constitutional criminal procedure is normally applied retroactively to all cases pending on direct review.").[4]

▮ Essentially, if a decision announces a "new rule" of criminal procedure, it is not to be applied retroactively to convictions that have already become final when the decision is announced unless the new rule falls within one of two narrow exceptions. One exception is applicable when the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense. The second exception applies when a new "watershed" rule of criminal procedure implicates the fundamental fairness and accuracy of a criminal proceeding. *Nelson v. United States,* 184 F.3d 953, 955 (8th Cir.), *cert. denied,* 528 U.S. 1029, 120 S.Ct. 549, 145 L.Ed.2d 427 (1999).

The first *Teague* exception clearly does not apply to *Apprendi.* Whether the second exception applies is unclear. I am aware of only two reported federal court decisions which address this issue (both in the context of section 841(a) drug quantities), and those decisions reach opposite results. In *United States v. Murphy,* 109 F.Supp.2d 1059, 1064 (D.Minn.2000), the United States District Court for the District of Minnesota (Doty, J.) held that "[t]here can be little doubt that the sweeping new requirement announced by the Court in *Apprendi* is so grounded in fundamental fairness that it may be considered of watershed importance." More recently, in *United States v. Pittman,* 120 F.Supp.2d 1263, 1270–71 (D.Or.2000), the United States District Court for the District of Oregon (Marsh, J.) held that "the two new rules announced in *Apprendi* that: (1) a jury, rather than a judge, must determine facts supporting a statutory sentencing enhancement and (2) that this determination must be made beyond a reasonable doubt—are not the type of 'watershed' rules implicating fundamental fairness and thus, requiring retroactive application on collateral review."

After carefully reviewing these competing decisions, I am persuaded that Judge Marsh's holding in *Pittman* is the better-reasoned approach. Essentially, the shifting of an element of the offense from the judge to the jury, and requiring proof of

---

mance of Defendant's counsel, I will adopt this portion of the report and recommendation.

**4.** The *Nicholson* decision clearly establishes that if *Apprendi* is retroactively applicable to Defendant's conspiracy conviction, the maximum penalty that would be authorized by the jury verdict in this case is 20 years' imprisonment. See 21 U.S.C. § 841(b)(1)(C).

such element beyond a reasonable doubt rather than by a preponderance of the evidence, does not directly relate to the accuracy of the conviction or sentence, nor does it implicate fundamental fairness. *Apprendi* may be a watershed ruling in the sense that it "threatens to unleash a flood of petitions by convicted defendants seeking to invalidate their sentences," *id.,* —— U.S. at —— – ——, 120 S.Ct. at 2394–95 (O'Connor, J., dissenting), but it does not stand for the proposition that resentencing is required in all cases.

■ In this regard, I believe that the *Pittman* decision is in accord with the Eighth Circuit's opinion in *United States v. Sheppard, supra,* in which a "harmless error" standard was applied to the appellant's *Apprendi* claim in a conspiracy case where the issue of drug quantity was not submitted to the jury as an element of the offense. As noted in *Pittman,* the standard for finding "structural error" (as opposed to "trial error") is similar to that for a "watershed" rule under *Teague;* that is, the error must implicate the "fundamental fairness and accuracy of a criminal proceeding." *Sullivan v. Louisiana,* 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Structural errors "call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal." *Juarez v. Minnesota,* 217 F.3d 1014, 1017 (8th Cir.2000) (quoting *McGurk v. Stenberg,* 163 F.3d 470, 474 (8th Cir.1998)). Structural error renders the trial "fundamentally unfair." *Beets v. Iowa Dept. of Corrections Services,* 164 F.3d 1131, 1136 (8th Cir.1999).

By implication, at least, the Eighth Circuit's harmless error analysis in *Sheppard*

suggests that the failure to instruct the jury that drug quantity is an element of the offense does not affect the fundamental fairness and accuracy of the criminal proceeding. *See also United States v. Nealy,* 232 F.3d 825, 829 (11th Cir.2000) ("*Apprendi* did not recognize or create a structural error that would require per se reversal."). This conclusion is also buttressed by the Eighth Circuit's earlier holding in *United States v. Raether,* 82 F.3d 192, 194 (8th Cir.1996), that *Gaudin*[5] errors are trial errors which are subject to harmless error review.

While the Eighth Circuit has not had occasion to consider whether *Gaudin* applies retroactively to cases on collateral review,[6] other Circuits have concluded that it does not. *See United States v. Mandanici,* 205 F.3d 519 (2nd Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000); *Bilzerian v. United States,* 127 F.3d 237 (2nd Cir.1997), *cert. denied,* 527 U.S. 1021, 119 S.Ct. 2365, 144 L.Ed.2d 770 (1999); *United States v. Shunk,* 113 F.3d 31 (5th Cir.1997); *United States v. Swindall,* 107 F.3d 831 (11th Cir.1997). The reasoning of these decisions appears to me to be sound, and to be directly applicable to *Apprendi*'s requirements that every element of an offense (including every fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum) be submitted to a jury and proven beyond a reasonable doubt.

■ To the extent that *Apprendi* also requires that every element of the offense charged (including elements that previously were considered sentencing factors) be set forth in the indictment,[7] I am persuad-

---

**5.** In *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the Supreme Court held that when materiality is an element of a false statement crime, the Constitution requires trial courts to submit the issue of materiality to the jury. *See Raether,* at 193.

**6.** I treat as *dicta* the Eighth Circuit's statement in *United States v. Graham,* 97 F.3d

1145, 1147 n. 3 (8th Cir.1996), that the Court's ruling therein "does not prejudice defendant's right to assert his arguments based upon *Gaudin* in a petition brought pursuant to 28 U.S.C. § 2255."

**7.** This issue was not addressed directly in *Apprendi. See id.,* —— U.S. at —— n. 3, 120 S.Ct. at 2355 n. 3.

ed by the Ninth Circuit's recent decision in *Jones v. Smith*, 231 F.3d 1227, 1238 (9th Cir.2000) (No. 99–56405), involving a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254, which concludes that *Apprendi* is not retroactive because "[w]here the defendant has actual notice of the nature and cause of the accusation against him, as well as the possible sentences he might receive, the omission of particular key words from the written information neither increases the risk that an innocent person will be convicted nor hinders the fundamental fairness of trial."

In the present case, the indictment charged Defendant with conspiring to violate 21 U.S.C. § 841(a)(1), as to which the maximum prescribed penalty is life imprisonment.[8] *See* 21 U.S.C. § 841(b)(1)(A). It is neither implicit in the concept of ordered liberty nor an absolute prerequisite to a fair trial that the indictment be made any more specific in this regard. Consequently, Defendant's claim that the indictment was defective because it failed to specify a drug quantity is not a sufficient basis for collaterally attacking his conviction and sentence.

In summary, I find that Defendant's § 2255 motion for post-conviction relief must be denied because (1) his *Apprendi* claim cannot be maintained based upon the nonretroactivety principle of *Teague v. Lane*, and (2) his ineffective assistance of counsel claim is without merit. Accordingly, I will adopt only that portion of the Magistrate Judge's report and recommendation which pertains to the latter claim. Because of this disposition, I do not reach the Government's objection that Defendant procedurally defaulted on the *Apprendi* claim by failing to raise the drug quantity issue at trial or on direct appeal.

IT IS ORDERED:

(1) the Magistrate Judge's report and recommendation (filing 175) is not adopted, except to the extent that it recommends denial of Defendant's motion and denial of his claim of ineffective assistance of counsel;

(2) the Government's objections to the Magistrate Judge's report and recommendation (filing 176) are sustained in part;

(3) Defendant's motion pursuant to 28 U.S.C. § 2255 (filing 168) is denied; and

---

8. The criminal cover sheet in this case (left-hand page of volume 1 of the court file) also reflects that Defendant was advised that the maximum punishment for the offense charged was 10 years to life.