**UNITED STATES**

v.

**William MOORE, Defendant.**

**No. 89–CR–0186.**

United States District Court,
N.D. New York.

Dec. 27, 2000.

William Andrew Moore, Jr., Ayer, MA, pro se.

Barbara D. Cottrell, Assistant United States Attorney, Office of the United States Attorney, Albany, NY, for the United States.

## MEMORANDUM—DECISION & ORDER

McAVOY, District Judge.

Defendant moves pursuant to former FED. R.CRIM.P. 35(a) claiming that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his conviction and sentence is illegal and subject to correction.

■ Defendant may not proceed under either the former or current versions of Rule 35(a). Former Rule 35(a) applies to offenses committed *prior* to November 1, 1987. *See United States v. Lussier*, 104 F.3d 32, 37 n. 5

(2d Cir.1997), *cert. denied*, 517 U.S. 1105, 116 S.Ct. 1321, 134 L.Ed.2d 474 (1996). Count one of the indictment (the only count applicable to Defendant Moore) charged him with a conspiracy to possess and distribute in excess of 100 kilograms of marijuana, which conspiracy was alleged to have taken place between November 1, 1987 and June 30, 1989.[1] *See United States v. Moore*, 742 F.Supp. 727, 729 (N.D.N.Y.1990), *aff'd*, 968 F.2d 216 (2d Cir.), *cert. denied*, 506 U.S. 980, 113 S.Ct. 480, 121 L.Ed.2d 385 (1992). Because the offenses were committed on and after November 1, 1987, former Rule 35(a) is inapplicable here.

■ Under the current Rule 35(a), a district court may only correct a sentence that has been determined on appeal to have been imposed in violation of law and has been remanded to the Court for resentencing. *See Califano v. United States*, 216 F.3d 1071, 2000 WL 730398 (2d Cir.2000) (Table); *see also Lussier*, 104 F.3d at 37. That has not happened here.[2] *See Moore*, 968 F.2d 216; *Moore*, 17 F.3d 1425. Therefore, Defendant may not proceed under either version of Rule 35.

In the event Defendant is considering proceeding under 28 U.S.C. § 2255, he should be aware that at least one circuit court and most district courts that have addressed the issue have held that *Apprendi* does not apply retroactively to cases on initial collateral review. *See Jones v. Smith*, 231 F.3d 1227, 1237–38 (9th Cir.2000); *see also United States v. Mandanici*, 205 F.3d 519 (2d Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000) (non-*Apprendi* case); *Ware v. United States*, 124 F.Supp.2d 590 (M.D.Tenn.2000) (*Apprendi*); *United States v. Johnson*, 126 F.Supp.2d 1222 (D.Neb. 2000); *United States v. Joseph*, 2000 WL 1789989 (E.D.La. Dec.5, 2000); *United States v. Pittman*, 120 F.Supp.2d 1263 (D.Or.2000); *West v. United States*, 123 F.Supp.2d 845 (D.Md.2000); *but see Darity v. United States* (W.D.N.C. Dec.4, 2000); *United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D.Minn.

---

1. The other three counts in the indictment charged Moore's co-defendants with conduct that occurred in 1989.

2. Although the case was initially remanded as to Moore for resentencing, the new sentence was subsequently summarily affirmed by the Second Circuit. *See United States v. Moore*, 17 F.3d 1425 (2d Cir.1994) (Table).

2000). Moreover, every Circuit to have addressed the issue has held that *Apprendi* does not apply retroactively to cases on collateral review for purposes of certifying a second or successive petition for *habeas corpus* relief. *See In re Tatum,* 233 F.3d 857 (5th Cir.2000); *Smith,* 231 F.3d at 1237–38; *Rodgers v. United States,* 229 F.3d 704 (8th Cir.2000); *Talbott v. State of Indiana,* 226 F.3d 866, 868–70 (7th Cir.2000); *In re Joshua,* 224 F.3d 1281, 1283 (11th Cir.2000); *Sustache–Rivera v. United States,* 221 F.3d 8, 15 (1st Cir.2000). As the Seventh Circuit eloquently stated:

> If the Supreme Court ultimately declares that *Apprendi* applies retroactively on collateral attack, we will authorize successive collateral review of cases to which *Apprendi* applies. Until then prisoners should hold their horses and stop wasting everyone's time with futile applications.... What is more, prisoners now peppering district judges with initial collateral attacks based on *Apprendi* should reconsider: the itch to invoke the latest decision of the Supreme Court can be costly, because a loss will require this court's approval to launch a later collateral attack if better grounds for relief become available. Federal law allows only one round of collateral review as of right, so prisoners should choose their issues wisely.

*Talbott,* 226 F.3d at 869.

It would, thus, seem futile and arguably detrimental for prisoners to continue making applications for *habeas corpus* relief based on *Apprendi.* Further, except when criminal proceedings are pending (that is, before all time limits within which to file appeals have lapsed), *see United States v. Rogers,* 228 F.3d 1318, 1328 (11th Cir.2000), prisoners should discontinue wasting their time and Court time and resources with their attempts to invoke a myriad of inappropriate procedural mechanisms in an otiose effort to avoid or otherwise circumvent the statutory scheme under Chapter 153 of Title 28 of the United States Code (Habeas Corpus).[3]

**3.** Prisoners have attempted, for example, to invoke Fed.R.Crim. 12(b)(2), *see Holmes v. United States,* No. 00–CV–1632 (N.D.N.Y. Nov. 7 & 29,

For the foregoing reasons, Defendant's motion pursuant to Fed.R.Crim.P. 35(a) is DENIED.

**IT IS SO ORDERED.**

2000), Fed.R.Civ P. 60(b), *see Frederick v. United States,* No. 00–CV– 354 (N.D.N.Y. Dec. 19, 2000), and now Fed.R.Crim P. 35(a), to no avail.