Dwight BURTON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Nos. 00–CV–75083, 97–CR–80627–06.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 21, 2001.

Dwight Burton, pro se.

Wayne Pratt, United States Attorney, Detroit, MI, for United States.

### ORDER

JULIAN ABELE COOK, Jr., District Judge.

On November 20, 2000, the Plaintiff, Dwight Burton, filed a motion pursuant to 28 U.S.C. § 2255, in which he asked the Court to modify his term of imprisonment. The Defendant, United States of America ("Government"), filed a vigorous response in opposition to the motion on February 7, 2001. For the reasons that are set forth below, Burton's motion will be denied.

### I

In 1997, Burton was indicted by a grand jury because of his alleged role in a multi-defendant conspiracy to possess and distribute large quantities of controlled substances including heroin, powder and crack cocaine, and marijuana. Prior to the commencement of his trial, he and the Government entered into an agreement, which resulted in a plea of guilty by him to conspiring to possess and distribute heroin and crack cocaine,[1] in violation of 21 U.S.C. §§ 841(a)(1), 846. (Burton's Mot. at 2, Ex. B .)

During a hearing on December 10, 1998, Burton orally acknowledged that he had sold crack cocaine and heroin as part of a conspiracy between 1992 and 1997 in wilful violation of the law. (Tr. 16:08–17:25.) At that time, the Government advised the Court that if a trial on the substantive issues became necessary, it was prepared to prove to a jury that Burton was a part of a major drug conspiracy to buy and sell crack cocaine and heroin within the Eastern District of Michigan. Burton, who was present during the entire hearing, agreed with the recitation of the salient facts by the Government without voicing any objection to its representations. (Tr. 15:07–16:07.) In addition, the Government and Burton jointly agreed that the appropriate sentencing range for such criminal conduct under the United States Sentencing Guidelines would be 120 to 135 months of imprisonment. (Burton's Mot Ex. A at 10; Tr. 11:08–:11, 12:20–:25.) At the conclusion of

---

1. Although the indictment did not specify the quantity of narcotics that had been allegedly trafficked by Burton himself during the course of the conspiracy, Worksheet A, which was attached to his plea agreement and received as an exhibit during the December 1998 hearing, indicated that he had possessed approximately two (2) ounces of heroin and four and one-half (4½) ounces of crack cocaine during the dates of the claimed criminal misconduct, with an intention to distribute these illicit drugs to other persons. (Burton's Mot.Ex. A at "Worksheet A".)

the hearing, the Court accepted Burton's offer of guilt, but reserved its decision regarding the acceptance or rejection of the plea agreement between the parties.

On May 11, 1999, the Court accepted the parties' proposed plea agreement and, thereafter, placed Burton in the custody of the Bureau of Prisons for a period of 135 months. A Judgment and Commitment Order was entered immediately thereafter. Neither party filed an appeal and the Judgment became final on May 21, 1999. The instant motion is Burton's first collateral attack upon his sentence.

## II

As a preliminary matter, Burton's request is untimely. Section 2255 prescribes that a petitioner's first motion thereunder must be filed, if at all, within one year of the day upon which, among other things, the judgment in the case becomes final. 28 U.S.C. § 2255 (2001). Here, the instant motion was not filed until eighteen (18) months after the Judgment and Committal Order became final. As such, Burton has failed to satisfy the general timing requirements of the statute.

## III

Nevertheless, a petition is considered to be timely if it is submitted within one year

after the Supreme Court issues an opinion that newly recognizes a right which applies retroactively to cases on collateral review. 28 U.S.C. § 2255 (2001). Burton contends that the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was entered on June 26, 2000, announces a new rule and applies retroactively to his case. If this is true, his motion would be timely. In its response, the Government maintains that the text of *Apprendi* never mentions the issue of retroactivity. Thus, in its opinion, the Supreme Court has not authorized any reliance upon it in the filing of petitions for collateral review.

Vigorous debate has surrounded the issue of whether *Apprendi* will have a retroactive application to the first petitions of prisoners under § 2255.[2] However, "[t]he Supreme Court has not decided whether *Apprendi* applies retroactively in habeas proceedings," *Dillard v. Roe*, 244 F.3d 758, 773 n. 19 (9th Cir.2001), and the lower federal courts have not reached any clear consensus with respect to preliminary petitions. In this jurisdiction, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has not resolved the issue, and the members of this Court have reached diverging conclusions. *Compare United States v. Goode*, 143 F.Supp.2d 817, 826 (E.D.Mich.2001) (*Apprendi* is not

---

**2.** On the one hand, courts are in agreement that "*Apprendi* presents a new rule of constitutional criminal procedure, and thus should be applied retroactively to cases pending on direct review." *United States v. Heckard*, 238 F.3d 1222, 1234 (10th Cir.2001); *United States v. Anderson*, 236 F.3d 427, 429 (8th Cir.2001). On the other hand, it is equally clear that *Apprendi* cannot serve as the basis for a second or successive petition under § 2255 because, under the text of the statute, such action can be taken only when the Supreme Court expressly makes its opinion retroactive—a condition that is not fulfilled in *Apprendi*. *See In re Michael A. Clemmons*, 259 F.3d 489, 492–93 (6th Cir.2001); *see also*

*Browning v. United States*, 241 F.3d 1262, 1263 (10th Cir.2001); *Rodgers v. United States*, 229 F.3d 704, 705 (8th Cir.2000); *Talbott v. Indiana*, 226 F.3d 866, 868–69 (7th Cir.2000); *In re Benhurshan Joshua*, 224 F.3d 1281 (11th Cir.2000); *Sustache–Rivera v. United States*, 221 F.3d 8 (1st Cir.2000); *see also Tyler v. Cain*, —— U.S. ——, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (second petition under 28 U.S.C. §§ 2244, 2254 permitted only upon express holding of retroactivity by Supreme Court). The present issue falls somewhere between these lines of cases, as it addresses the first petition to be filed by a federal prisoner.

available in first petition), *with Jackson v. United States*, 129 F.Supp.2d 1053 (first petition can rely upon *Apprendi* ).

█ Fortunately, the Court need not step into this legal morass[3] in order to resolve the present motion. Burton has relied upon *Apprendi* for the proposition that a factor which enhances his sentence, such as the amount and kind of a controlled substance, must be proven to a jury beyond a reasonable doubt. According to him, his entry of a guilty plea was not made in a knowing and intelligent manner because he was not advised of this particular standard. Moreover, he states that the Court should have made an explicit finding of fact as to the amount and kind of the drugs that he handled. However, none of these issues were raised on direct appeal. "It is well-settled law that failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255, absent a showing of both cause and actual prejudice." *Murr v. United States*, 200 F.3d 895, 900 (6th Cir.2000) (citing *United States v. Frady*, 456 U.S. 152, 164–65, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Here, even if (1) Burton's general interpretation of *Apprendi* is accurate, (2) he is permitted to invoke the new *Apprendi* decision in this collateral attack, and (3) good cause could be shown for his procedural defaults, his arguments would be considered to be futile and without any substantial prejudice for two reasons.[4]

█ First, even if *Apprendi* required a determination beyond a reasonable doubt as to the kind and quantity of the narcotics at issue, the standard would have been satisfied here. In the context of a direct appeal, the Sixth Circuit has concluded that when a criminal defendant "stipulate[s] to the amount of drugs for which he was held responsible, and the district court [does] not rely on any fact outside the plea agreement to determine the drug quantity at sentencing[,] the principles articulated in *Apprendi* are not implicated." *United States v. Harper*, 246 F.3d 520, 530–31 (6th Cir.2001). In short, if a person stands before the Court as the sole witness in the case and unequivocally states, orally or in writing, that he sold certain amounts of drugs, this evidence is determinative unless there is some clear external reason to

---

**3.** One of the cardinal rules of habeas corpus procedure, as embodied in 28 U.S.C. §§ 2244(b)(2)(A), 2255 ¶ 8(2), is that a settled criminal conviction shall not be disrupted through the protracted usage of collateral petitions unless a rule of criminal procedure is so important that the Supreme Court has expressly recognized the profound effect of the right upon the nature or operations of our criminal justice system. *See generally In re Michael A. Clemmons*, 259 F.3d 489, 492–93, *Tyler*, —— U.S. ——, 121 S.Ct. at 2482; *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Nevertheless, a question of statutory interpretation has arisen as to whether, in light of considerations of fairness, Congress employed a more relaxed standard with respect to the review of capital sentences and first petitions under § 2255. *See Jackson*, 129 F.Supp.2d at 1057–59. In the view of the *Jackson* court, the statute permits lower courts to decide

whether a new legal rule is retroactive for first petitions under § 2255. If this is correct, there may be some support for the proposition that *Apprendi* could retroactively apply.

In an unpublished opinion, the Sixth Circuit has apparently taken a step toward employing a lower barrier to relief with respect to first petitions. *See Jones v. United States*, 248 F.3d 1149 (Table), 2001 WL 92114, at *2 (6th Cir. Jan.25, 2001) (remanding prisoner's first petition under § 2255 so that trial court could determine whether *Apprendi* qualifies for retroactivity under principles of *Teague*, 489 U.S. 288, 109 S.Ct. 1060). However, the issue is far from settled.

**4.** This conclusion stands regardless of whether cause could be shown on the grounds of (1) the novelty of the holding in *Apprendi* or (2) the ineffectiveness of counsel's assistance. Accordingly, the Court will not separately address these issues.

doubt it. This principle ostensibly applies with equal force to stipulations about the kind of narcotics that are involved in a crime because it is the act of a well-considered confession that removes the relevant *Apprendi* concerns. Thus, the written stipulations and oral admissions of a defendant satisfy the reasonable doubt standard just as well as they placate the preponderance of the evidence standard, and no prejudice will result from the application of the more lenient standard of review. Hence, a collateral attack that is based on *Apprendi* should be denied when (1) the petitioner has entered a guilty plea which contains a stipulation as to the kind and amount of narcotics involved, and (2) the record contains an admission to the criminal conduct at issue.

 In this case, when Burton entered his guilty plea on the record, he admitted that he had conspired to possess and distribute certain quantities of heroin and crack cocaine. Moreover, in an attachment to the parties' plea agreement, he stipulated to the quantity and kind of drugs for which he accepted responsibility.[5] (Burton's Mot.Ex. A.) These admissions satisfy the reasonable doubt standard, and *Apprendi* does not permit him to undermine the binding effect. Even if Burton's motion had been filed properly and timely, his application for relief under § 2255 would have been rejected because he has failed to demonstrate any substantive prejudice which was sustained by him because of the lack of advice as to his rights under *Apprendi*.

 Second, even under a narrower reading, *Apprendi* is of no assistance whatsoever to Burton. In *Harper*, the Sixth Circuit observed that the *Apprendi* protections are implicated only if a factor causes a prisoner's sentence to exceed the statutory maximum that is prescribed for the underlying offense. *See Harper*, 246 F.3d at 530. In the instant case, Burton pled guilty to participating in a sizable drug conspiracy that involved certain quantities of heroin and crack.[6] At the time of the offense and the date of the sentencing hearing, the maximum penalty for his conduct was life imprisonment. His term of less than twelve (12) years does not exceed the maximum. Thus, *Apprendi* does not offer him relief.

For these reasons, Burton's motion is denied.

IT IS SO ORDERED.

---

5.  Despite the intervening and refreshing observations in *Apprendi,* this Court is persuaded that Burton's guilty plea was knowingly, intelligently and voluntarily made by him. The question in a knowing-and-voluntary inquiry is "whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez v. Moran,* 509 U.S. 389, 401 n. 12, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). As part and parcel of his agreement, Burton renounced his right to a jury determination on the numerous issues in the underlying case. In the absence of a plea agreement, he was facing a maximum sentence of life imprisonment if found to be guilty of the charges within the Indictment. Accordingly, the Court was, and continues to be, persuaded that Burton made his decision with full knowledge as to the gravity and the benefits of his decision to surrender his right to receive a determination by a jury under the reasonable doubt standard.

6.  The kind and quantities of the narcotics were set forth in the relevant indictment.