# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2807

_____

United States of America,     *
ex rel Ivo Perez,     *
    *
       Appellant,     *
    *
      v.     *
    *
Warden, FMC Rochester,     *
    *
       Appellee.     *


_____           Appeals from the United States
          District Court for the
No. 01-2994           District of Minnesota.

_____           [TO BE PUBLISHED]

John Ruotolo,     *
    *
       Appellant,     *
    *
      v.     *
    *
Warden, FMC Rochester,     *
    *
       Appellee.     *

_____

Submitted: March 12, 2002
Filed: March 20, 2002

_____

Before BYE, FAGG and BEAM, Circuit Judges.
_____

BYE, Circuit Judge.

Many federal prisoners hoped we would reconsider their sentences in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Those hopes have largely been dashed. In the months since the Court decided Apprendi, we have turned away droves of motions challenging federal sentences that purportedly exceed statutory maximum sentences. We have held federal prisoners may not raise Apprendi claims in initial 28 U.S.C. § 2255 motions. United States v. Moss, 252 F.3d 993, 995 (8th Cir. 2001), cert. denied, 122 S. Ct. 848 (2002). We have also held federal prisoners may not raise Apprendi claims in second or successive § 2255 motions. Rodgers v. United States, 229 F.3d 704, 706 (8th Cir. 2000) (per curiam). Together, Moss and Rodgers have snuffed out nearly every effort by federal prisoners to gain review of their sentences under Apprendi. Our decisions have hardly diminished prisoners' creative attempts to raise Apprendi issues, however. In these appeals, we address the novel argument that federal prisoners may raise Apprendi claims in petitions for writs of habeas corpus under 28 U.S.C. § 2241.

I

Ivo Perez and John Ruotolo were convicted of drug trafficking crimes in federal court and sentenced to extensive periods of imprisonment. Both men appealed their convictions and sentences unsuccessfully. United States v. Cisneros, 112 F.3d 1272 (5th Cir. 1997) (Perez); United States v. Yu-Leung, 51 F.3d 1116 (2d Cir. 1995) (Ruotolo). In 1996, Ruotolo moved to set aside his sentence under § 2255. The district court denied his motion and the court of appeals affirmed that decision. Ruotolo v. United States, No. 96-2938, 1998 WL 29828 (2d Cir. Jan. 27, 1998). Perez also moved to set aside his sentence in April 1998, but his § 2255 motion was denied and he did not appeal.

Both men were eventually incarcerated at the Federal Medical Center in Rochester, Minnesota, where they filed § 2241 petitions in the United States District Court for the District of Minnesota.  The petitions were filed separately—and were assigned to different judges[1] of that court—but each petition raised the same set of issues.  In particular, Perez and Ruotolo claimed they could file § 2241 petitions to challenge their sentences under Apprendi because § 2255 did not provide them an adequate or effective means to do so.  The respective district judges denied the prisoners' petitions after careful consideration.  Both men now appeal, and we affirm.

II

It is not by accident that Perez and Ruotolo have chosen to proceed by filing § 2241 petitions.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 110 Stat. 1214, 1220-21, severely curtailed the filing of second and successive § 2255 motions.  See 28 U.S.C. §§ 2244(a)-(b), 2255.  Perez and Ruotolo had previously filed § 2255 motions, so they would have faced long odds proceeding under § 2255 a second time.  Indeed, our holding that federal prisoners may not challenge their sentences under Apprendi in second or successive § 2255 motions would surely have thwarted appellants' attempts to gain review of their sentences in our court.  Rodgers, 229 F.3d at 706.

A

We must decide whether Perez and Ruotolo may circumvent the § 2255 remedy by filing habeas petitions under § 2241.  Appellants' argument is not very appealing on its face: both the law and common sense suggest federal prisoners cannot skirt

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, was assigned to Perez's action.  The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, was assigned to Ruotolo's action.

designated procedural pathways by renumbering their filings. Cf. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) ("[I]t would be senseless to suppose that Congress permitted [federal prisoners] to pass through the closed door simply by changing the number 2241 to 1651 on their motions."). But the argument deserves a closer inspection. Section 2255 contains a narrowly-circumscribed "safety valve" that permits a federal prisoner to petition for a writ of habeas corpus under § 2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Thus, if § 2255 were to be found "inadequate or ineffective," Perez and Ruotolo could file § 2241 petitions.

Neither Perez nor Ruotolo offers a particularly cogent argument to justify his resort to the safety valve. After dissecting their briefs, however, we believe they seek to advance the following argument. Moss bars federal prisoners from mounting challenges to their sentences under Apprendi in initial § 2255 motions. And Rodgers eliminates Apprendi review in second or successive § 2255 motions. Therefore, a federal prisoner may never ventilate an Apprendi issue in a § 2255 motion. Because Apprendi relief is—as a practical matter—unavailable through § 2255 motions, appellants contend § 2255 relief is "inadequate or ineffective" to address their claims. In sum, Perez and Ruotolo appear to contend that Moss and Rodgers have opened the safety valve permitting federal prisoners to raise Apprendi claims in § 2241 petitions.

We believe this argument is flawed because it attributes blame to the wrong source. Perez and Ruotolo contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is Apprendi itself, not the remedy by § 2255 motion. To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that Apprendi applies retroactively to past criminal convictions. Neither Perez nor Ruotolo may raise an Apprendi claim in a second § 2255 motion unless and until Apprendi applies retroactively. See Rodgers, 229 F.3d at 706. And only the Court

may declare <u>Apprendi</u>'s new rule to have retroactive force in a manner affecting successive § 2255 motions. See <u>Tyler v. Cain</u>, 121 S. Ct. 2478, 2482 (2001).

We have held that a "§ 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted). So too, we believe § 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively. In that case, only a substantive legal rule (the new constitutional doctrine's non-retroactivity) prevents the federal prisoner from correcting his sentence. Of course, that impediment cannot be charged to the § 2255 remedy. We believe the remedy by motion *is* adequate and effective to raise an <u>Apprendi</u> claim, which challenges the imposition of a sentence exceeding the maximum sentence permitted by law. See 530 U.S. at 490. Section 2255 accommodates such a claim by authorizing a motion to "correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law."

Appellants' attempts to gain relief have not been hampered by the § 2255 remedy itself. Rather, they cannot presently obtain relief because the constitutional doctrine announced in <u>Apprendi</u> has not been made retroactive by the Court. The most convincing demonstration of this point is that if the Court makes <u>Apprendi</u>'s new rule retroactive, Perez and Ruotolo may then raise their claims in second § 2255 motions. See 28 U.S.C. § 2255(3). Thus § 2255 is not "inadequate or ineffective."

B

We need not justify our decision on other grounds, but it is worthwhile to observe two additional reasons appellants' § 2241 petitions must be denied. First,

Apprendi does not apply retroactively, Moss, 252 F.3d at 997, and thus the benefit of Apprendi's new rule is unavailable to Perez and Ruotolo, prisoners whose convictions became final years before Apprendi was decided in June 2000. Second, Perez and Ruotolo waived their Apprendi arguments by failing to raise them in the sentencing court in the first instance. See Bousley v. United States, 523 U.S. 614, 622-23 (1998).

III

Perez and Ruotolo raise additional arguments which deserve only brief mention. They contend Apprendi is a new rule of substantive criminal law, not a new rule of criminal procedure, a contention we squarely rejected in Moss, 252 F.3d at 997-98. They also believe an Apprendi error implicates the jurisdiction of a district court, thereby requiring a district court to reduce a sentence exceeding the statutory maximum *sua sponte*. This argument is flatly wrong, as our review of purported Apprendi problems for plain error demonstrates by implication. See, e.g., United States v. Sturgis, 238 F.3d 956, 960 (8th Cir.), cert. denied, 122 S. Ct. 182 (2001).

Appellants also claim their sentences violate a treaty, the International Covenant on Civil and Political Rights (ICCPR). They posit a § 2241 petition is the proper vehicle for challenging a treaty violation, which cannot be remedied through a § 2255 motion. We disagree. Relief under § 2255 *does* extend to treaty violations, see Davis v. United States, 417 U.S. 333, 344 (1974), so federal prisoners may not seek relief for an ICCPR violation through a § 2241 petition, Benitez v. FCI Phoenix, No. 01-15181, 2001 WL 1662648, at *1 (9th Cir. Dec. 28, 2001). In any event, the ICCPR does not bind federal courts because the treaty is not self-executing and Congress has yet to enact implementing legislation. Buell v. Mitchell, 274 F.3d 337, 372 (6th Cir. 2001) (collecting cases).

Perez and Ruotolo further claim that two subprovisions of the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B), are facially unconstitutional. The Ninth Circuit panel opinion upon which appellants rely, United States v. Buckland, 259 F.3d 1157, 1159 (9th Cir. 2001) ("[W]e hold that 21 U.S.C. §§ 841(b)(1)(A) & (B) are facially unconstitutional under Apprendi."), has since been overruled, United States v. Buckland, 277 F.3d 1173, 1177 (9th Cir. 2002) (en banc). More importantly, we have already rejected this argument. United States v. Woods, 270 F.3d 728, 729-30 (8th Cir. 2001).

Additional discussion of appellants' remaining assertions would serve no useful purpose. See 8th Cir. R. 47B.

IV

We consolidate the disposition of these appeals and affirm the respective judgments of the district courts.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-