

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2002

# Kennedy v. Mendez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Kennedy v. Mendez" (2002). *2002 Decisions.* Paper 755.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/755

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-2535

_____

JOSEPH WILLIE KENNEDY,

<u>Appellant</u>

v.

JAKE MENDEZ, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-02429)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2002

Before:  NYGAARD, GREENBERG, and COWEN <u>Circuit</u> <u>Judges</u>

(Filed:   November 18, 2002)

_____

OPINION

_____

PER CURIAM

Joseph Willie Kennedy, a federal prisoner incarcerated at all relevant times at a

facility in White Deer, Pennsylvania, appeals the district court's dismissal of a habeas

petition brought pursuant to 28 U.S.C. § 2241.  We will affirm.

I.

In 1992, Kennedy was convicted in the United States District Court for the District of Maryland of conspiracy to possess a substance containing cocaine with intent to distribute. See 21 U.S.C. § 846. He was sentenced as a career offender to life in prison. His direct appeal was unsuccessful. See United States v. Kennedy, 32 F.3d 876, 891 (4th Cir. 1994). Kennedy filed a 28 U.S.C. § 2255 motion with the sentencing court in 2001. That motion was denied, and the United States Court of Appeals for the Fourth Circuit subsequently denied Kennedy's request for leave to file a successive § 2255 motion.

Kennedy submitted his § 2241 petition to the district court in February 2002. In it, he argued that (i) the sentencing court violated his right to due process by treating him as a career offender because his predicate convictions all pre-dated the provision allowing state and local convictions to be counted, but see United States v. Sanchez-Lopez, 879 F.2d 541, 560-61 (9th Cir. 1989) ("Congress did not intend for all criminals to start with a clean slate" after enactment of the sentencing provision); (ii) the indictment was unlawful under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it did not allege a drug quantity; (iii) the life sentence exceeded the statutory penalty under 21 U.S.C. § 841 for a first-time offender; (iv) the trial court lacked subject-matter jurisdiction to impose a life sentence because the Government failed to produce five kilograms of a substance containing cocaine; and (v) he received ineffective assistance at trial, sentencing, and on appeal when counsel failed to raise these arguments. The district court held that Kennedy was not entitled to proceed via § 2241 because the remedy provided by § 2255 was not "inadequate

2

or ineffective." As to Kennedy's <u>Apprendi</u> arguments, the court held in the alternative that <u>Apprendi</u> was not retroactively applicable on collateral review. After the district court denied Kennedy's Fed. R. Civ. P. 59(e) motion to alter the judgment, Kennedy timely appealed.

## II.

We agree with the district court that Kennedy could not proceed with any of his claims in a § 2241 petition. Under the explicit terms of § 2255, unless a § 2255 motion would be "inadequate or ineffective," a habeas petition cannot be entertained by a court. <u>See</u> <u>also</u> <u>Application of Galante</u>, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief or because the gatekeeping provisions of § 2255 make it difficult to prosecute successive motions. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997). As the district court concluded, if Kennedy is to obtain relief on any of his claims, he must do so via § 2255 in the Fourth Circuit.

Relying on <u>Dorsainvil</u> and similar cases, Kennedy contends that he should be able to resort to § 2241 because a habeas petition "is always available to address claims of actual or legal innocence or to correct a miscarriage of justice." Appellant's brief, 5. He takes <u>Dorsainvil</u>'s narrow holding too far. <u>See</u> <u>Okereke v. United States</u>, ___ F.3d ___, 2002 WL 31221450, at *2 (3d Cir. Sept. 12, 2002). <u>Dorsainvil</u> was strictly limited to prisoners in "Dorsainvil's unusual position--that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive

3

law may negate." Dorsainvil, 119 F.3d at 251. None of Kennedy's claims satisfies this test. As the district court noted, Kennedy could have previously asserted all of his non-Apprendi claims. See District Court Memorandum, 10. As we have recently stressed, Apprendi, which did post-date Kennedy's conviction, "dealt with sentencing and did not render [Kennedy's offense] not criminal." Okereke, 2002 WL 31221450, at *3.[1] Accordingly, Dorsainvil cannot aid Kennedy as to any of his claims. To the extent that Kennedy asks us to enlarge the ambit of Dorsainvil, see reply brief, 2, we decline the invitation. See Okereke, 2002 WL 31221450, at *2-3.

III.

---

[1] Indeed, *none* of Kennedy's allegations actually suggest--as Dorsainvil requires--that postconviction happenings negated the very basis for his conviction. This includes the artful assertions in Kennedy's motion to alter the judgment that he was "actually innocent" because (a) he was not charged, but was sentenced under, 21 U.S.C. § 841 and (b) no physical evidence of a controlled substance was ever produced by the Government.

For the reasons that we have given, Kennedy may not litigate his claims in a § 2241

petition. We will affirm the judgment of the district court to that effect.[2]

---

[2] We need not reach the district court's alternative holding concerning Kennedy's
Apprendi claims--i.e., that Apprendi is, as a general matter, not retroactively applicable on
collateral review. As the district court noted, we have held that Apprendi has not been
"made retroactive" so that it may be raised in a *successive* § 2255 motion. See In re Turner,
267 F.3d 225, 231 (3d Cir. 2001); 28 U.S.C. § 2255 ¶ 8. We have not yet had the
opportunity to address in a published opinion whether Apprendi would be retroactively
applicable in any other setting. See Rodgers v. United States, 229 F.3d 704, 705-06 (8th
Cir. 2000) (noting that whether a new rule of law may be raised in a successive § 2255
motion is conceptually distinct from whether the new rule would be retroactively
applicable in a proper vehicle for collateral review).

5