

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Leinenbach v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3224

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Leinenbach v. Williamson" (2005). *2005 Decisions*. Paper 357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3224
_____

JAMES LEINENBACH,
                                          Appellant
vs.
TROY WILLIAMSON, Warden, FCI Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02442)
District Judge: Honorable William W. Caldwell

_____
Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2005
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed October 24, 2005)


_____


OPINION


_____


PER CURIAM.

        James Leinenbach, a federal prisoner, appeals pro se the order of the United

States District Court for the Middle District of Pennsylvania dismissing his habeas

petition filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will

1

summarily affirm the judgment of the District Court.

Leinenbach was convicted in 1994 by a jury in the United States District Court for the Eastern District of Pennsylvania of conspiracy to manufacture and distribute methamphetamine, manufacturing methamphetamine, and possession of methamphetamine with intent to distribute. Leinenbach was sentenced to a collective term of 27 years imprisonment. This Court affirmed Leinenbach's conviction and sentence on direct appeal, and the United States Supreme Court denied Leinenbach's petition for writ of certiorari. In 1997, Leinenbach filed a motion pursuant to 28 U.S.C. § 2255 which was denied. This Court declined to issue Leinenbach a certificate of appealability, Leinenbach v. United States, C.A. No. 02-3693, and the United States Supreme Court again declined to grant Leinenbach a petition for writ of certiorari.

Leinenbach, who is incarcerated at FCI-Allenwood in White Deer, Pennsylvania, filed the underlying § 2241 petition in the District Court for the Middle District of Pennsylvania in November 2004. In his § 2241 petition, Leinenbach raised challenges to his conviction and sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and the International Covenant on Civil and Political Rights ("ICCPR"). On June 17, 2005, the District Court dismissed Leinenbach's § 2241 petition, concluding that Leinenbach had not shown that § 2255 is inadequate or ineffective such that he should be allowed to proceed under § 2241. This timely appeal followed.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Okereke v. United States, 307 F.3d 117, 120-21; see also Cradle, 290 F.3d at 539. Rather, § 2255 is inadequate or ineffective, for example, in the "rare situation" where an intervening change in law makes the crime for which the petitioner was convicted "non-criminal." Okereke, 307 F.3d at 120.

We agree with the District Court that Leinenbach's situation is not the rare one rendering § 2255 inadequate or ineffective. Specifically, we have held that § 2255 is not inadequate or ineffective for a federal prisoner seeking to raise an Apprendi claim in a § 2241 proceeding. Okereke v. United States, 307 F.3d 117, 120-21. Like Apprendi, the Supreme Court's holding in Blakely (and moreover, United States v. Booker, 125 S. Ct.

3

738 (2005)),[1] did not change the substantive law as to the elements of the offenses for which Leinenbach was convicted. Although Leinenbach may face substantive and procedural hurdles to presenting these claims in a § 2255 motion, that alone does not render a § 2255 motion an inadequate or ineffective remedy.

Likewise, we agree with the District Court's disposition of Leinenbach's ICCPR claim. Treaty violations may be raised in § 2255 motion. See Wesson v. U.S. Penitentiary Beaumont, Texas, 305 F.3d 343, 348 (5th Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 344 (1974) for the proposition that relief under § 2255 extends to treaties). In any event, however, habeas relief is not available for a violation of the ICCPR because it is not self-executing. See, e.g., Bannerman v. Snyder, 325 F.3d 722, 724) (6th Cir. 2003); Wesson, 305 F.3d at 348; United States ex rel. Perez v. Warden, 286 F.3d 1059, 1063 (8th Cir. 2002).

Finally, Leinenbach's assertion of actual innocence does not alter our conclusion that the District Court properly dismissed his § 2241 petition. Leinenbach's argument is one of legal innocence, not factual innocence, based on the erroneous premise that Apprendi, Blakely, and Booker apply retroactively to cases on collateral review. See Lloyd v. United States, 407 F.3d 608, 613-15 (3d Cir. 2005) (holding that

---

[1] As the District Court correctly noted, because Leinenbach is a federal prisoner sentenced under the United States Sentencing Guidelines, his claim is better expressed in terms of Booker. Of course, this makes no difference to the outcome of Leinenbach's appeal.

Booker, which applied the Blakely rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review); United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) (holding that Apprendi is not retroactively applicable to cases on collateral review). In short, Leinenbach's actual innocence argument is unavailing in this proceeding.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's June 17, 2005, order.